Mr. Justice Clayton
delivered the opinion of the court.
This was a case of unlawful detainer. A tenancy of the defendant, under a letting from the plaintiff, is very clearly made out. It was not competent, therefore, to the defendant, to object-to the want of right of possession or of property in the" plaintiff. Having admitted the right by accepting the lease, she was estopped from denying it, at least, until she had surrendered 'the possession, and placed the plaintiff in the same situation *387 which he occupied before the lease. Willison v. Watkins, 3 Peters, 50.
The right of the plaintiff to recover the possession was, consequently, clearly established by proof of the tenancy, and that it had expired.
But the defendant abandoned the possession after this suit was brought, and another person was in possession at the time of the trial, claiming to hold for John Roy, who set up claim to the premises as owner. There is even some conflict in the testimony, as to the time Mrs. Newman left the premises, whether before or after this action was commenced. But the jury found for the plaintiff, which they could not have done, except upon the ground that she was the occupant at the time the process was served.
It does not appear that Roy took possession of the premises, by virtue of any contract with Mrs. Newman, or that she surrendered the possession to him. If that were the case, upon well established principles, he would occupy the same relation to the original lessor, which she did. Adams on Eject. 57, n. 2; Jackson v. Davis, 5 Cow. 123; Same v. Harsen, 7 Cow. 323; Adams, Eject. 247. But Roy was not admitted as a defendant in the case, and it is difficult to see how he could interpose his rights, in the controversy, between the plaintiff and Mrs. Newman. It is also a general principle, that he who takes property, during the pendency of a suit in regard to it, from one of the parties, is in equity affected with notice. During the pendency of an ejectment, if the possession be changed, the land would be liable to the execution. If the judgment be against the casual ejector, the execution is an authority for ejecting the tenant. And if the sheriff be disturbed in the execution of the writ of habere facias possessionem, an attachment will go against the party, whether he be the defendant or a stranger. Adams, Eject. 309, 310. It seems to us, therefore, that Roy is bound to give up the possession, and must institute other proceedings to bring his rights to the test.
The question as to the generally bad moral character of one of the witnesses was properly excluded. It should,have been *388 confined to . the reputation of the witness for truth and veracity.
The deed of mortgage, and the several written leases, offered in evidence to show that the plaintiff had no right to the possession of the lots, were properly excluded, because, as has already been shown, neither the tenant nor one coming in under the tenant can dispute the right of the lessor.
The verdict and judgment for the premises were correct. But the proof is, that the defendant abandoned the possession immediately after the bringing of this suit, and that other persons intruded into the premises, claiming not for her, but for themselves. She could not, therefore, be responsible for the rent which accrued after her abandonment.
The defendant in error, however, has offered to release this part of the verdict, which he has the right to do. The judgment will, therefore, be reversed, and this court proceeding to give the judgment, which the court below should have given, directs judgment to be entered for the lot in dispute.